Exhibit A

ACLCP MANAGERCO, LLC
c/o Allerand Realty Holdings, LLC
1000 Brickell Avenue; Suite 720
Miami, FL 33131

January 17, 2024

Thomas M. McConnell, Esq.
Miller Starr Regalia
1331 N. California Blvd; Suite 600
Walnut Creek, CA 94596

Response to December 5, 2023
Letters Concerning CVS Rents

Dear Mr. McConnell:

This firm is the manager of the successor by merger to each of the "SCP" limited liability companies identified in the captions to the five letters dated December 5, 2023, sent by you to various parties and relating to CVS stores (the "Stores") in North Vernon, IN (#6808); Cincinnati, OH (#2715); Lancaster, SC (#7005); Walterboro, SC (#3585); and Kingsport, TN (#4130).

We write at this time to demand that your client not withhold or interplead the rents due for the Stores, and further, to place you on notice of facts that show that the merger successors to SCP entities alone are entitled to rent for the Stores. Although Philip Kassover has made oral, and possibly written, claims relating to the Stores, we believe that, with a minimum of investigation and diligence, your firm and your client can confirm those claims are meritless. There is simply no basis or justification to interplead rent because there is no legitimate competing claim to that rent.

Interpleading rents for the Stores compounds injury to the SCP merger successor companies and causes those companies to incur substantial costs to collect rent (including the cost and expense of legal counsel) which has been wrongfully deposited with a court. If the practice of interpleading rents continues, CVS will simply multiply its liability to the SCP merger successor companies because it is responsible for the costs associated with collecting that rent.

In 2017, Kassover was granted a limited power of attorney with extremely narrow authority. He was only authorized to sign documents to transfer certain assets of GCC to the New York County Sheriff so that the assets could be auctioned in satisfaction of a 2008 judgment issued against GCC in New York. The assets of GCC consisted entirely of interests in limited liability companies, including the SCP entities.

Kassover delayed many months in sending to the Sheriff what was supposed to be the simple assignment instrument that was contemplated by the court. When he did finally attempt to send some of GCC's assets to the Sheriff, the documents he created were ineffective because, among other things, Kassover acted beyond the scope of his limited power of attorney in creating them. In fact, Kassover never effectively transferred anything to the Sheriff. Instead, in 2018, he re-wrote the operating agreements of various then current and former GCC subsidiaries (which

were all created years earlier with uncertificated membership interests) and caused them, among other things, to issue certificated membership interests, which he then sent to the Sheriff together with an execution instrument. These actions, which were not authorized by the Court, were taken mere days before Kassover's statutory priority as a GCC first lien creditor expired. The membership certificates created by Kassover named not the NY County Sheriff as the registered holder of each GCC subsidiary but GCC itself. They were not accompanied by any instrument of assignment or transfer to the Sheriff as was mandated in the court order appointing Kassover attorney in fact. We are not aware of any later proceeding in which Kassover has produced new certificates or other documents evidencing the further transfer to the Sheriff or to himself.

The returns from a FOIA request for the Sheriff's file relating to this matter did not contain any evidence that certificates, other than the certificates issued in GGC's name, have ever been issued. Nor did it contain any evidence that Kassover had ever removed the prior officers and managers of GCC or its subsidiaries so as to prevent them from taking lawful and authorized actions in the names of the companies they served, such as the transfer that in fact was made in respect of the Orangevale ground lease which rendered any direct claim on the leasehold by Kassover impossible. This likelihood was noted in the Orangevale bankruptcy case by Judge Goldblatt as a consideration in the Judge's determination to deny Kassover's proof of claim in that case.

As you may know, Kassover claims that his power of attorney is ever-lasting and permits not just the wholesale rewriting and the changing of the nature of the governing documents of many GCC subsidiary entities by him, but other far-reaching matters, like amending leases, granting rent concessions and the conversion of rents to himself that he was bound by law to turn over to the Sheriff but did not.

The Sheriff's file contained other interesting information. Although the Sheriff's office had noticed a sale of the GCC certificates it received from Kassover, that sale was postponed multiple times by Kassover and apparently was never re-scheduled. Now, 5 years later, the certificates remain unsold, apparently due to volitional acts or omissions of Kassover. This conduct alone may be enough under New York law for any lien that Kassover might have had to be subordinated or cancelled.

As it happens, in the case of the SCP entities and their merger successors, CVS does not have to rely only on the above factual record to determine that Kassover has no valid claims to any of those entities. As is clear from the file produced by the Sheriff, *Kassover did not ever deliver to the Sheriff any certificates for any SCP entity or any other document of transfer in respect of any SCP entity*. Nor did Kassover ever purport or attempt to transfer to the Sheriff any assets of GCC other than those specific membership certificates that were sent to the Sheriff under cover of a December 7, 2018 letter from his lawyer. According to the execution instrument sent with those certificates (and the applicable NY law), after 90 days, "[the Kassover] levy shall be void" as to any property of GCC other than the certificates delivered with the execution instrument. In other words, as is relevant to the SCP entities, Kassover never perfected any lien or other interest in any of the SCP entities because his execution instrument expired early in 2019 without Kassover having delivered any title instrument in respect of the SCP entities to the Sheriff. Moreover, after the 90-day period referred to above, under the laws of all applicable jurisdictions, any lien interest that Kassover could have had in the SCP entities would have been junior to the lien interest therein of Allerand Realty Holdings, LLC ("ARH") and would have been wiped out upon the foreclosure sale of the SCP entities to ARH described below.

ARH is also a judgment creditor of GCC. It perfected its lien in respect of all GCC personal property in February 2016 by a filing in Florida. In May of 2021, ARH obtained a charging order in Delaware in respect of the SCP entities. The court's order stated that the charging order constituted a first lien on GCC personalty and "no creditor of [GCC] shall have any right to obtain possession of, or otherwise exercise legal or equitable ownership with respect to the property of the [GCC subsidiary entities]."

In April 2023, ARH was the successful bidder at a regularly conducted and properly noticed foreclosure auction in Florida of all the GCC SCP entities. At the time of this foreclosure sale and at the time of the issuance of the Delaware charging order, Kassover had no lien on GCC's interest in any of the SCP entities. Accordingly, pursuant to the Florida foreclosure sale, free and clear title to all those interests passed to ARH and Kassover's ability to exercise any creditor remedies against those interests was lost.

Since Kassover never owned any equity interest in GCC or in any of the SCP entities and his creditor remedies were never extended to the SCP entities, it follows that his claims of "ownership" of the SCP entities and their assets are completely invalid. However, for the avoidance of any doubt as to the correctness of the above analysis, on January 5, 2024, each of the SCP entities that previously owned a Store was merged into a new limited liability company. In each such merger, any claims of equity ownership by Kassover or by any other person or entity not participating in the merger were cancelled. Accordingly, there cannot now be any creditable competing claim—from Kassover or anyone else—to the equity in each SCP entity or to the rents from the Stores. The rents from the Stores should be sent to the surviving companies in the mergers referred to above and nowhere else.

Enclosed with this letter are the following materials in support of the matters set forth above: (i) copy of Certificate of Title and Judgment in favor of ARH; (ii) copies of selected pages from the FOIA response received from the New York County Sheriff; (iii) a copy of the Delaware charging order; and (iv) copies of the merger certificates filed in Delaware relating to the SCP entities.

Please note for your client that the name and address of the landlord under each Store lease has changed by operation of the mergers referred to above.

The undersigned, for itself and on behalf of all its affiliates, reserves all rights and claims against CVS deriving from its conduct with respect to the Stores and the former CVS store in Orangevale, CA.

Should you require further information in connection with this matter, you may call me during business hours at 561-373-9141.

Very truly yours,

ACLCP MANAGERCO, LLC

By: _____

Richard Sabella, Co-Manager

IN THE CIRCUIT COURT OF THE JUDICIAL
CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA

CASE NO. 502015CA013299XXXXMB

ALLERAND REALTY HOLDINGS LLC
Plaintiff(s) / Petitioner(s),
vs.
GCC REALTY COMPANY LLC
Defendant(s) / Respondent(s)

## CERTIFICATE OF TITLE

THE UNDERSIGNED CLERK OF this Circuit Court Certifies that a Certificate of Sale was executed and filed in this action on March 27, 2023 for the property described herein and that objections to the sale have either not been filed within the time allowed by statutory law or, if filed, have been heard by the court. The property in Palm Beach County, Florida is described as follows:

All membership interest and any other ownership interest in the following Delaware LLCs that were cancelled by the State of Delaware, Division of Corporations:

SCP 2001A-CSF-31 LLC
SCP 2001A-CSF-51 LLC
SCP 2001A-CSF-18 LLC
SCP 2001A-CSF-61 LLC
SCP 2001A-CSF-75 LLC
SCP 2001A-CSF-76 LLC
SCP 2001A-CSF-72 LLC
SCP 2002E-CSF-36 LLC
SCP 2002E-CSF-35 LLC

was sold to:

**ALLERAND REALTY HOLDINGS, LLC**
**675 W Indiantown Road Ste 103**
**Jupiter, FL 33458 .**

WITNESS my hand and seal of this Court on April 17, 2023.

Joseph Abruzzo, Clerk of the Circuit Court & Comptroller, Palm Beach County

By: _____

Deputy Clerk, Thomas Hardy

Consideration: $5,200.00
Documentary stamps: $0.00

CFN 20160098899
OR BK 28179 PG 1757
RECORDED 03/23/2016 11:23:35
Palm Beach County, Florida
AMT
Sharon R. Bock
CLERK & COMPTROLLER
Pgs 1757-1758; (2Pgs)

**IN THE CIRCUIT COURT OF THE**
**15TH JUDICIAL CIRCUIT, IN AND**
**FOR PALM BEACH COUNTY, FLORIDA**

**CASE NO.: 502015CA013299XXXXMB (AD)**

ALLERAND 675 COMPANY, LLC,
a Delaware limited liability company,

      Plaintiff,

v.

GCC REALTY COMPANY, LLC,
a Delaware limited liability company,

      Defendant.

_____/

## DEFAULT FINAL JUDGMENT

THIS CAUSE came before the Court on Plaintiff, ALLERAND 675 COMPANY, LLC's

Motion for Default Final Judgment and after entry of a default against Defendant and the Court

having considered the Motion, reviewed the Court file, reviewed the supporting affidavit and

supporting documentation and considered the applicable law, it is ORDERED AND

ADJUDGED as follows:

    1.    Plaintiff, ALLERAND 675 COMPANY, LLC, c/o Law Office of Michael D.

Moccia, PA, 1200 N. Federal Hwy, Ste 200, Boca Raton, Florida 33432, shall recover from

Defendant, GCC REALTY COMPANY, LLC, the sum of:

| | |
|---|---|
| Count I | $948,700.29 |
| Count II | $395,831.56 |
| Count III | $155,056.63 |
| Court Costs | $857.00 |
| Total | $1,500,445.48 |

    2.    The total of $1,500,445.48 shall bear interest at the statutory interest rate of

4.75% per year from this date through December 31 of this current year. Thereafter, on January

1 of each succeeding year until the judgment is paid, the interest rate will adjust in accordance with section 55.03, Florida Statutes. For all amounts, let execution issue.

3.     Jurisdiction of this action is retained to enter further orders that are proper including, without limitation, orders related to execution and/or garnishment.

DONE AND ORDERED in West Palm Beach, Palm Beach County, Florida on the 14th day of January, 2016.

Honorable Gregory M. Keyser
Circuit Court Judge

Copies to:     Michael D. Moccia, Esq.
                GCC Realty Company, LLC

STATE OF FLORIDA - PALM BEACH COUNTY
I hereby certify that the foregoing is a
true copy of the record in my office with
redactions, if any as required by law.
THIS 1ST DAY OF June 2021
JOSEPH ABRUZZO
CLERK OF THE CIRCUIT COURT & COMPTROLLER
By: _____
Deputy Clerk

# EXEMPLIFICATION CERTIFICATION

## STATE OF FLORIDA
## COUNTY OF PALM BEACH

I, **Krista Marx**, Chief Judge of the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida, DO HEREBY CERTIFY that JOSEPH ABRUZZO, whose name is subscribed to the foregoing certificate and attestation, is the duly appointed and qualified Clerk of the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida, and that the seal thereto affixed is the genuine seal of the said Court, and that the said certificate and attestation are in due form and made by the proper officer, and full faith and credit are due and ought to be given to all of the official acts of said Clerk, as well in courts of judicature as elsewhere.

IN TESTIMONY WHEREOF, I have hereunto set my hand at West Palm Beach, Palm Beach County, Florida this _____19th_____ day of _June_, _2021_.

_____
Chief Judge of the Circuit Court
of Palm Beach County, Florida

## STATE OF FLORIDA
## COUNTY OF PALM BEACH

I, JOSEPH ABRUZZO, Clerk of the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida, DO HEREBY CERTIFY that the Honorable **Krista Marx** is a Judge of the Circuit Court of Palm Beach County, Florida, duly commissioned, qualified and acting, and that the signature of the foregoing certificate and attestation is genuine and in his/her own proper handwriting, and that full faith and credit are due and ought to be given to all of his/her official acts as well in courts of judicature as elsewhere.

IN TESTIMONY WHEREOF, I have hereunto set my hand at West Palm Beach, Palm Beach County, Florida this _____1st_____ day of _June_, _2021_.

JOSEPH ABRUZZO
CLERK OF THE CIRCUIT COURT
PALM BEACH COUNTY, FLORIDA

BY: _____
Deputy Clerk

**18052555**

Received: 12/11/2018

*18052555*

Deputy: SEYFRIED 242

Prepared: 06/11/2021

PROPERTY EXECUTION

Court: SUPREME COURT
Court Date:
County: NEW YORK

Docket # 602434/2005

## RUTH KASSOVER, ET AL
vs.
## PVP-GCC HOLDINGCO II, LLC, ET AL

*XAEX1588645*

### Service On
PVP-GCC HOLDINGCO II. LLC. ET AL
675 W INDIANTOWN ROAD
SUITE 103
JUPITER FL 33458

**Serve By:**

**Attorney**        Phone Number: (212)478-7200
(212)478-7200
HAHN & HESSEN LLP
488 MADISON AVENUE
NEW YORK NY 10022

### Fees

| | |
|---|---|
| FF-MILEAGE IN NYC | $35.00 |
| FF-RECEIVING | $15.00 |
| INVENTORY | $15.00 |
| LEVY | $15.00 |
| Poundage | $150,980.72 |

Attempted Service_____
Attempted Service_____
Attempted Service_____

**File Comment -**

### Service
Served By_____

Date Served_____Time Served_____
Place Served _____
Served On_____
Substitute_____
Copy Mailed _____
Military Service_____

**Notes**

### Description of Person Served
Male_____ Female_____ Height_____ Weight_____ Age_____
Hair Color_____ Skin Color_____ Ethnicity_____
Other Identifying Marks_____

 **HAHN&**
**HESSEN**

Hahn & Hessen LLP
488 Madison Avenue, New York, NY 10022
T 212.478.7200  F 212.478.7400  hahnhessen.com

*Seyfrw*

December 7, 2018
*Via* Hand Delivery

Brigitte Rose
212.478.7295
brose@hahnhessen.com

Undersheriff Julio Lopez
66 John Street, 13th Floor
New York, New York 10038

Re:  *Ruth Kassover, as co-executor of the estate of Nathan Kassover, and Phillip Kassover, in his individual capacity v. PVP-GCC Holdingco II, LLC, et. al.,* **Index No. 602434/2005**

Dear Undersheriff Lopez:

We represent plaintiffs/judgment creditors Phillip Kassover, as executor of the Estate of Nathan Kassover and Phillip Kassover, individually, ("Plaintiffs"), in the above-referenced matter.

Please find enclosed the following:

1. Original Execution;

2. Check in the amount of $50.00 made payable to the NYC Sheriff's Office for the filing of the Execution;

3. Copy of the Judgment filed July 8, 2010 in favor of Plaintiffs against the judgment/debtor GCC Realty Company, LLC (successor by merger of defendant/judgment debtors PVP-GCC Holdingco II, LLC and The Garden City Company, Inc.) (the "Judgment Debtor");

• Copy of the Decision and Order dated September 1, 2017 directing the Judgment Debtor to turnover all personal property and assets, including, but not limited to, its membership interests in various LLC entities;

• Copy of the Decision and Order dated August 22, 2018, extending Plaintiffs' priority period for an additional 120 days; and

• Original Membership Interest Certificates for the following LLC entities:

| | |
|---|---|
| GCC-RA Washington, LLC | GCC-RA Bardstown, LLC |
| GCC-RA Hodgenville, LLC | GCC-RA Paradise, LLC |
| GCC-RA Lebanon, LLC | GCC-RA Cane Run, LLC |
| GCC-RA Berea, LLC | GCC-RA Orangevale, LLC |

7034969.v1

# HAHN&
# HESSEN

| Lancaster Remainderco, LLC | South Euclid Remainderco, LLC |
|---|---|
| Detroit Remainderco, LLC | GCC Lancaster LLC |
| GCC South Euclid LLC | GCC Cincinnati LLC |
| GCC Kingsport LLC | GCC North Vernon LLC |
| GCC Walterboro LLC | GCC Detroit LLC |
| GCC Port Huron LLC | GCC Detroit II LLC |

We look forward to speaking to you within the next week to discuss the sale of the LLC interests, including the timing of the sale and next steps.

Should you have any questions or concerns, please do not hesitate to contact the undersigned.

Sincerely,

Brigitte Rose

Enclosures

## MEMBERSHIP INTEREST CERTFICATE
## OF
## GCC-RA Orangevale, LLC

Membership Interest Certificate No. 1

THIS CERTIFIES THAT GCC REALTY COMPANY, LLC is the registered holder ("Registered Holder") of one hundred percent (100%) of the issued and outstanding Membership Interests of GCC-RA Orangevale, LLC (the "Company"), a limited liability company organized under the laws of the State of Delaware.

The rights and preferences of the Membership Interest evidenced by this Membership Interest Certificate are provided under the limited liability operating agreement of the Company, as amended on December 6, 2018 (collectively, the "Operating Agreement").

This certificate may only be transferred in accordance with the Transfer Protocol set forth in said Operating Agreement. Prior to due presentment for registration of transfer hereof, the Company may deem and treat the Registered Holder as the absolute owner hereof (notwithstanding any notations of ownership or writing hereon made by anyone other than a duly authorized attorney-in-fact of the Company) for all purposes and shall not be affected by any notice to the contrary, except as provided in the Operating Agreement.

This Membership Interest Certificate shall be governed by and construed in accordance with the laws of the State of Delaware without giving effect to conflicts of laws.

IN WITNESS WHEREOF, the Company has caused this Membership Interest Certificate to be executed by its duly authorized managing member this 6 day of December, 2018.

Name: Philip Kassover
Title: Attorney-in-Fact of
GCC Realty Company, LLC,
Managing Member of the Company

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------x
RUTH KASSOVER, as co-executor of THE ESTATE :
OF NATHAN KASSOVER, and PHILIP KASSOVER, :
in his individual capacity,                        :

|   |   |
|---|---|
| Plaintiffs, | Index No.: 602434/2005 |
| -against- | Hon. Saliann Scarpulla |
| PVP-GCC HOLDINGCO II, LLC, THE GARDEN CITY COMPANY, INC., R. PEYTON GIBSON, RICHARD SABELLA, and PRISM VENTURE PARTNERS, | IAS Part 39 |
|   | **EXECUTION** |
| Defendants. |   |

-------------------------------------------------------------------x

## TO THE SHERIFF OF ANY COUNTY IN THE STATE OF NEW YORK, OR THE CITY OF NEW YORK:

**WHEREAS**, in an action in the Supreme Court of the State of New York, New York

County, between Philip Kassover, as executor of the Estate of Nathan Kassover and Philip

Kassover, in his individual capacity (collectively, "Plaintiffs"), as plaintiffs/judgment

creditors, and the above-named defendants, who are all parties in said action, a judgment

dated September 30, 2009 and duly filed and docketed by the County Clerk, New York

County on October 27, 2009, and as modified pursuant to the order of the Appellate

Division, First Department dated July 8, 2010, in favor of Plaintiffs and against the

following defendants/judgment debtor in the following amount:

> GCC Realty Company, LLC (successor by merger to defendants/judgment debtors PVP-GCC HOLDINGCO II, LLC and The Garden City Company, Inc.) (the "Judgment Debtor"), whose last known address is 675 W. Indiantown Road, Suite 103, Jupiter, Florida 33458, in the principal amount of $1,475,171, and the entire amount (including post-judgment interest) of which remains due and unpaid.

**NOW, THEREFORE, WE COMMAND YOU**, to satisfy the said judgment out of

the real and personal property of the Judgment Debtor and the debts due to it, and that only

the property in which the Judgment Debtor, who is not deceased, has an interest or the debts owed to it, shall be levied upon or sold hereunder; **AND TO RETURN** this execution to the clerk of the above captioned court within sixty (60) days after issuance unless service of this execution is made within that time, or within extensions of that time made in writing by the attorneys for Plaintiffs, or as otherwise provided by the New York Civil Practice Law and Rules (the "CPLR").

Pursuant to section 5205(1) of the CPLR, two thousand eight hundred fifty dollars of an account containing direct deposit or electronic payments reasonably identifiable as statutorily exempt payments, as defined in paragraph two of subdivision (1) thereof, is exempt from execution and that the garnishee cannot levy upon or restrain two thousand five hundred dollars in such an account.

Pursuant to section 5222(i) of the CPLR, this execution shall not apply to an amount equal to or less than ninety percent of the greater of two hundred forty times the federal minimum hourly wage prescribed in the Fair Labor Standards Act of 1938 or two hundred forty times the state minimum hourly wage prescribed in section 652 of the Labor Law as in effect at the time the earnings are payable, except such part as a court determines to be unnecessary for the reasonable requirements of the Judgment Debtor and its dependents.

**NOW, THEREFORE, YOU ARE REQUIRED** by section 5232(a) of the CPLR forthwith to transfer to the sheriff all personal property not capable of delivery in which the Judgment Debtor is known or believed to have an interest now in or hereafter coming into your possession or custody, including any property specified in this notice; and to pay to the sheriff, upon maturity, all debts now due or hereafter coming due from you to the Judgment

2

Debtor, including any debts specified in this notice; and to execute any documents necessary to effect such transfer or payment;

AND TAKE NOTICE, that until such transfer or payment is made or until the expiration of 90 days after the service of this execution upon you for such further time as is provided by any order of the court served upon you, whichever event occurs first, you are forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff, except upon direction of the sheriff or pursuant to an order of the court;

AND TAKE FURTHER NOTICE, that, at the expiration of 90 days after a levy is made by service of this execution, or of such further time as the court upon motion for Plaintiffs has provided, this levy shall be void except as to property or debts which have been transferred or paid to the sheriff or as to which a proceeding under sections 5225 or 5227 of the CPLR has been brought.

Dated:     New York, New York
           December 7, 2018

                              HAHN & HESSEN LLP

                              By: Robert J. Malatak, M.C.

                                  Robert J. Malatak
                                  Brigitte R. Rose
                              488 Madison Avenue
                              New York, New York 10022
                              (212) 478-7200
                              *Co-Attorneys for Plaintiffs*



**HAHN&
HESSEN**

Hahn & Hessen LLP
488 Madison Avenue, New York, NY 10022
t 212 478 7200  f 212 478 7400  hahnhessen.com

January 7, 2019
*Via* **Hand Delivery**

Brigitte Rose
212.478.7295
brose@hahnhessen.com

Undersheriff Julio Lopez
66 John Street, 13th Floor
New York, New York 10038

Re: *Ruth Kassover, as co-executor of the estate of Nathan Kassover, and Phillip Kassover, in his individual capacity v. PVP-GCC Holdingco II, LLC, et. al.,* Index No. 602434/2005

Dear Undersheriff Lopez:

As you know, we represent plaintiffs/judgment creditors Phillip Kassover, as executor of the Estate of Nathan Kassover and Phillip Kassover, individually, ("Plaintiffs"), in the above-referenced matter.

In furtherance of our discussion yesterday, please be advised that Plaintiffs hereby extend the execution dated and delivered to you on December 7, 2018 for an additional sixty (60) days, for a total of one hundred and twenty (120) days.

Should you have any questions or concerns, please do not hesitate to contact the undersigned.

Sincerely,

Brigitte Rose

7058360 v1

 **HAHN&HESSEN**

March 22, 2019
*Via* **Hand Delivery And Email (Lopez](«finance.nyc.gov)**

Stephen J. Grable
Partner
212.478.7213
sgrable@hahnhessen.com

Undersheriff Julio Lopez
66 John Street, 13th Floor
New York, New York 10038

Re: *Ruth Kassover, as co-executor of the estate of Nathan Kassover, and Phillip Kassover, in his individual capacity v. PVP-GCC Holdingco II, LLC, et. al.*, Index No. 602434/2005

Dear Undersheriff Lopez:

As you know, we represent plaintiffs/judgment creditors Phillip Kassover, as executor of the Estate of Nathan Kassover and Phillip Kassover, individually, ("Plaintiffs"), in the referenced matter.

Please be advised that Plaintiffs hereby extend the execution dated and delivered to you on December 7, 2018 for another additional sixty (60) days, for a total of one hundred and eighty (180) days.

Should you have any questions or concerns, please do not hesitate to contact us.

Sincerely,

Stephen J. Grable

 **SHERIFF'S SALE** 

BY VIRTUE OF AN EXECUTION ISSUED OUT OF THE SUPREME COURT, NEW YORK COUNTY, in favor of RUTH KASSOVER *as co-executor of* THE ESTATE OF NATHAN KASSOVER, *and* PHILLIP KASSOVER, *in his individual capacity*. and against GCC REALTY COMPANY, LLC *(successor by merger to defendant/judgment debtors* PVP-GCC HOLDING CO II, LLC *and* THE GARDEN CITY COMPANY, INC.)*, to me directed and delivered, I WILL SELL AT PUBLIC AUCTION, by DENNIS ALESTRA, DCA # 0840217 auctioneer. as the law directs. FOR CASH ONLY, on the 27TH day of FEBRUARY, 2019, at 11:00 o'clock in the forenoon, at: THE NEW YORK COUNTY SHERIFF'S OFFICE 66 JOHN STREET 13TH FLOOR NEW YORK, NY 10038 in the county of NEW YORK all the right, title and interest which GCC REALTY COMPANY, LLC *(successor by merger to defendant/judgment debtors* PVP-GCC HOLDINGCO II, LLC *and* THE GARDEN CITY COMPANY, INC.) the judgment debtor(s). had on the 11TH day of DECEMBER, 2018, or at any time thereafter. of, in and to the following properties.

## ORIGINAL MEMBERSHIP INTEREST CERTIFICATES FOR THE FOLLOWING LLC ENTITIES

| | |
|---|---|
| GCC-RA Washington, LLC | GCC-RA Bardstown, LLC |
| GCC-RA Hodgenville, LLC | GCC-RA Paradise, LLC |
| GCC-RA Lebanon, LLC | GCC-RA Cane Run, LLC |
| GCC-RA Berea, LLC | GCC-RA Orangevale, LLC |
| Lancaster Remainderco, LLC | South Euclid Remainderco, LLC |
| Detroit Remainderco, LLC | GCC Lancaster LLC |
| GCC South Euclid LLC | GCC Cincinnati LLC |
| GCC Kingsport LLC | GCC North Vernon LLC |
| GCC Walterboro I LC | GCC Detroit LLC |
| GCC Port Huron LLC | GCC Detroit II LLC |

**JOSEPH FUCITO**
**Sheriff of the City of New York**

E. SEYFRIED
DEPUTY SHERIFF
(212) 487-9734
CASE # 18052555

Buepe A
1/28/19



**OFFICE OF THE SHERIFF**
**LAW ENFORCEMENT BUREAU**
**(212) 487-9734**



# CERTIFICATE OF POSTING

## SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

RUTH KASSOVER, as co-executor of THE ESTATE
OF NATHAN KASSOVER, and PHILIP KASSOVER,
In his individual capacity,

PLAINTIFF(S)

-against-

GCC REALITY COMPANY, LLC (successor by merger to
defendants/judgment debtors PVP-GCC HOLDING CO II
and THE GARDEN CITY COMPANY, INC.

DEFENDANT(S)

STATE OF NEW YORK}
NEW YORK COUNTY}

**SHERIFF'S CASE #** 18052555

I **Deputy Seyfried**, certifies that I am a Deputy Sheriff of the City of New York, over the age of
eighteen years and not a party to this action or proceeding, and on **1/29/2019**, had directed the posting
of a copy of a sheriff's sale notice in the following public places in **NEW YORK COUNTY**:

New York County's Clerk's Office – 60 Centre Street
New York County Sheriff's Office – 66 John Street – 13th Floor
New York County Surrogates Court – 30 Chambers

DATED 1/29/2019

Sheriff of the City of New York
JOSEPH FUCITO

BY:

_____
DEPUTY SHERIFF- SHIELD # 422

I am just writing to follow up on our phone call last week regarding the Sherriff's sale of the LLC entities in the above-referenced matter. We are in the process of working out some logistics, which must be addressed before we can move forward with the sale.

We apologize for any inconvenience and appreciate your continued assistance in this matter.

Thank you,
Brigitte Rose



Brigitte Rose          Hahn & Hessen LLP
Associate              488 Madison Avenue
212.478.7295           New York, NY 10022
BRose@hahnhessen.com   T 212.478.7200 F 212.478.7400

The following e-mail message (below that its attachments) may contain information which is privileged or confidential and is intended only for the individual or entity named above. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error please notify us immediately by reply e-mail at helpdesk@hahnhessen.com and delete the original message. Please visit our website at www.hahnhessen.com

Pursuant to IRS Circular 230, unless we expressly state otherwise in this communication, any tax advice contained in this communication is not intended or written to be used, and cannot be used, by the recipient or any other person for the purpose of avoiding any penalties that may be imposed under the Internal Revenue Code or applicable state or local tax law provisions.

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |
|---|---|
| ALLERAND REALTY HOLDINGS, LLC, a Delaware limited liability company, successor in interest to and substitute plaintiff/judgment creditor for ALLERAND 675 COMPANY, LLC <br><br> Plaintiff, <br><br> v. <br><br> GCC REALTY COMPANY, LLC, a Delaware limited liability company <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) Judgment No. N21J-03023 ) ) ) ) ) ) |

## [Proposed Form of] Order

WHEREAS Plaintiff Allerand Realty Holdings, LLC, a Delaware limited liability company, successor in interest to and substitute plaintiff/judgment creditor for Allerand 675 Company, LLC received a Default Final Judgment dated January 14, 2016 against Defendant GCC Realty Company, LLC in the Circuit Court of the 15th Judicial Circuit, in and for Palm Beach County, Florida, Case No. 50 2015-CA-013299 XXXXMB Circuit Civil Division AD ("Florida Judgment");

WHEREAS Plaintiff Allerand Realty Holdings, LLC transferred the Florida Judgment to the Superior Court of the State of Delaware in and for New Castle County on March 17, 2021;

1

WHEREAS, Plaintiff Allerand Realty Holdings, LLC having moved this Court for a Charging Order pursuant to pursuant to 6 _Del_. _C_. § 18-703(a), and the Court having found good cause therefore;

IT IS HEREBY ORDERED this ___ day of _____ 2021, that:

1. Plaintiff Allerand Realty Holdings, LLC is hereby granted a charging order pursuant to 6 _Del_. _C_. § 18-703(a) charging the Defendant GCC Realty Company, LLC's membership interests in each of the following Delaware limited liability companies (collectively, "Charging Order Entities") to satisfy the outstanding amount of the Florida Judgment:

    a. GCC-RA Orangevale, LLC;

    b. GCC-RA Bardstown, LLC;

    c. GCC-RA Berea, LLC;

    d. GCC-RA Cane Run, LLC;

    e. GCC-RA Hodgenville, LLC;

    f. GCC-RA Lebanon, LLC;

    g. GCC-RA Paradise, LLC;

    h. GCC-RA Washington D.C., LLC;

    i. SCP 2001A-CSF-31 LLC;

    j. SCP 2001A-CSF-75 LLC;

2

k. SCP 2001A-CSF-76 LLC;

l. SCP 2001A-CSF-61 LLC;

m. SCP 2001A-CSF-18 LLC;

n. SCP 2001A-CSF-51 LLC;

o. SCP 2001A-CSF-72 LLC;

p. SCP 2002E-35 LLC; and

q. SCP 2002E-36 LLC.

2.    The charging order granted pursuant to paragraph 1 above shall include,

the outstanding amount of the Florida Judgment, Plaintiff's costs and legal fees in

connection with its request for a charging order in the following amounts:

a. Outstanding Balance of the Florida
Judgment (including Florida court costs
and interest accrued through March 19, 2021)   $1,662,267.10

b. Costs (in connection with
obtaining this charging order):   $_____

c. Attorneys' Fees (in connection
with obtaining this charging order):   $_____

d. Interest shall continue to accrue from March 20, 2021 in accordance
with section 55.03, Florida Statutes until the judgment is paid.

3.    The Prothonotary will issue the writ for charging order in the form

attached to Plaintiff's Motion for Charging Order as Exhibit "1-A" through Exhibit

"1-Q";

3

4. In accordance with 6 _Del_. _C_. § 18-703(b), this charging order shall constitute a lien against GCC's membership interests or its assignee's membership interests in the Charging Order Entities in favor of Allerand Realty Holdings, LLC and is effective as of the date of this Order.

5. Pursuant to 6 _Del_. _C_. § 18-703(d), the entry of a charging order is the exclusive remedy by which a judgment creditor of GCC Realty Company, LLC may satisfy a judgment out of GCC Realty Company, LLC's membership interests in the Charging Order Entities.

6. Pursuant to 6 _Del_. _C_. § 18-703(e), no creditor of GCC Realty Company, LLC shall have any right to obtain possession of, or otherwise exercise legal or equitable remedies with respect to, the property of the Charging Order Entities.

SO ORDERED:

Judge

4

# STATE OF DELAWARE
# CERTIFICATE OF MERGER OF
# DOMESTIC LIMITED LIABILITY COMPANIES

Pursuant to Title 6, Section 18-209 of the Delaware Limited Liability Act, the undersigned limited liability company executed the following Certificate of Merger:

**FIRST**: The name of the surviving limited liability company is

ACLCP LANCASTER, LLC ,

and the name of the limited liability company being merged into this surviving limited liability company is SCP 2001A-CSF-72 LLC .

**SECOND**: The Agreement of Merger has been approved, adopted, certified, executed and acknowledged by each of the constituent limited liability companies.

**THIRD**: The name of the surviving limited liability company is
ACLCP LANCASTER, LLC .

**FOURTH**: The merger is to become effective on the date of the filing .

**FIFTH**: The Agreement of Merger is on file at
1000 BRICKELL AVENUE. SUITE 720. MIAMI. FL 33131 ,
the place of business of the surviving limited liability company.

**SIXTH**: A copy of the Agreement of Merger will be furnished by the surviving limited liability company on request, without cost, to any member of the constituent limited liability companies.

**IN WITNESS WHEREOF,** said surviving limited liability company has caused this certificate to be signed by an authorized person the 5TH day of JANUARY ,A.D., 2024 .

By: _____
Authorized Person

Name: RICHARD J. SABELLA
Print or Type

Title: AUTHORIZED PERSON

State of Delaware
Secretary of State
Division of Corporations
Delivered 04:40 PM 01/05/2024
FILED 04:40 PM 01/05/2024
SR 20240049104 - File Number 2799697

# STATE OF DELAWARE
# CERTIFICATE OF MERGER OF
# DOMESTIC LIMITED LIABILITY COMPANIES

Pursuant to Title 6, Section 18-209 of the Delaware Limited Liability Act, the undersigned limited liability company executed the following Certificate of Merger:

**FIRST**: The name of the surviving limited liability company is

ACLCP KINGSPORT, LLC                                                                 ,

and the name of the limited liability company being merged into this surviving limited liability company is SCP 2001A-CSF-76 LLC                                               .

**SECOND**: The Agreement of Merger has been approved, adopted, certified, executed and acknowledged by each of the constituent limited liability companies.

**THIRD**: The name of the surviving limited liability company is
ACLCP KINGSPORT, LLC                                                                 .

**FOURTH**: The merger is to become effective on the date of the filing    .

**FIFTH**: The Agreement of Merger is on file at
1000 BRICKELL AVENUE. SUITE 720. MIAMI. FL 33131                                   ,
the place of business of the surviving limited liability company.

**SIXTH**: A copy of the Agreement of Merger will be furnished by the surviving limited liability company on request, without cost, to any member of the constituent limited liability companies.

**IN WITNESS WHEREOF**, said surviving limited liability company has caused this certificate to be signed by an authorized person, the 5TH _____ day of JANUARY _____ ,A.D., 2024    .

By: _____
Authorized Person

Name: RICHARD J. SABELLA
Print or Type

Title: AUTHORIZED PERSON

State of Delaware
Secretary of State
Division of Corporations
Delivered 04:40 PM 01/05/2024
FILED 04:40 PM 01/05/2024
SR 20240049100 - File Number 2799659

# STATE OF DELAWARE
# CERTIFICATE OF MERGER OF
# DOMESTIC LIMITED LIABILITY COMPANIES

Pursuant to Title 6, Section 18-209 of the Delaware Limited Liability Act, the undersigned limited liability company executed the following Certificate of Merger:

**FIRST:** The name of the surviving limited liability company is

ACLCP NORTH VERNON, LLC                                                    ,

and the name of the limited liability company being merged into this surviving limited liability company is SCP 2001A-CSF-18 LLC                                    .

**SECOND:** The Agreement of Merger has been approved, adopted, certified, executed and acknowledged by each of the constituent limited liability companies.

**THIRD:** The name of the surviving limited liability company is
ACLCP NORTH VERNON, LLC                                                    .

**FOURTH:** The merger is to become effective on the date of the filing  .

**FIFTH:** The Agreement of Merger is on file at
1000 BRICKELL AVENUE. SUITE 720. MIAMI. FL 33131                          ,
the place of business of the surviving limited liability company.

**SIXTH:** A copy of the Agreement of Merger will be furnished by the surviving limited liability company on request, without cost, to any member of the constituent limited liability companies.

**IN WITNESS WHEREOF,** said surviving limited liability company has caused this certificate to be signed by an authorized person, the 5TH ____ day of
JANUARY _____ ,A.D., 2024  .

By: _____
Authorized Person

Name: RICHARD J. SABELLA
Print or Type

Title: AUTHORIZED PERSON

State of Delaware
Secretary of State
Division of Corporations
Delivered 04:39 PM 01/05/2024
FILED 04:39 PM 01/05/2024
SR 20240049092 - File Number 2799753

# STATE OF DELAWARE
# CERTIFICATE OF MERGER OF
# DOMESTIC LIMITED LIABILITY COMPANIES

Pursuant to Title 6, Section 18-209 of the Delaware Limited Liability Act, the undersigned limited liability company executed the following Certificate of Merger:

**FIRST**: The name of the surviving limited liability company is

ACLCP WALTERBORO, LLC ,

and the name of the limited liability company being merged into this surviving limited liability company is SCP 2001A-CSF-75 LLC .

**SECOND**: The Agreement of Merger has been approved, adopted, certified, executed and acknowledged by each of the constituent limited liability companies.

**THIRD**: The name of the surviving limited liability company is
ACLCP WALTERBORO, LLC .

**FOURTH:** The merger is to become effective on the date of the filing .

**FIFTH**: The Agreement of Merger is on file at
1000 BRICKELL AVENUE. SUITE 720. MIAMI. FL 33131 ,
the place of business of the surviving limited liability company.

**SIXTH**: A copy of the Agreement of Merger will be furnished by the surviving limited liability company on request, without cost, to any member of the constituent limited liability companies.

**IN WITNESS WHEREOF**, said surviving limited liability company has caused this certificate to be signed by an authorized person, the 5TH day of JANUARY ,A.D., 2024 .

By: _____
Authorized Person

Name: RICHARD J. SABELLA
Print or Type

Title: AUTHORIZED PERSON

State of Delaware
Secretary of State
Division of Corporations
Delivered 04:39 PM 01/05/2024
FILED 04:39 PM 01/05/2024
SR 20240049090 - File Number 2799538

# STATE OF DELAWARE
# CERTIFICATE OF MERGER OF
# DOMESTIC LIMITED LIABILITY COMPANIES

Pursuant to Title 6, Section 18-209 of the Delaware Limited Liability Act, the undersigned limited liability company executed the following Certificate of Merger:

**FIRST**: The name of the surviving limited liability company is

ACLCP CINCINNATI, LLC ,

and the name of the limited liability company being merged into this surviving limited liability company is SCP 2001A-CSF-51 LLC .

**SECOND**: The Agreement of Merger has been approved, adopted, certified, executed and acknowledged by each of the constituent limited liability companies.

**THIRD**: The name of the surviving limited liability company is
ACLCP CINCINNATI, LLC .

**FOURTH:** The merger is to become effective on the date of the filing .

**FIFTH**: The Agreement of Merger is on file at
1000 BRICKELL AVENUE. SUITE 720. MIAMI. FL 33131 ,
the place of business of the surviving limited liability company.

**SIXTH**: A copy of the Agreement of Merger will be furnished by the surviving limited liability company on request, without cost, to any member of the constituent limited liability companies.

**IN WITNESS WHEREOF,** said surviving limited liability company has caused this certificate to be signed by an authorized person the 5TH day of JANUARY ,A.D., 2024 .

By: _____
Authorized Person

Name: RICHARD J. SABELLA
Print or Type

Title: AUTHORIZED PERSON

State of Delaware
Secretary of State
Division of Corporations
Delivered 04:39 PM 01/05/2024
FILED 04:39 PM 01/05/2024
SR 20240049082 - File Number 2799586