# Exhibit B

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AP Orangevale, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 23-10687 (CTG)<br><br>**Related Docket No. 158** |

## ORDER DISALLOWING GCCR, LLC'S PROOF OF CLAIM

Phillip Kassover obtained a judgment in New York State court in 2009 against a company named GCC Realty Co. ("GCCR"). When that judgment was not satisfied, he obtained an order in 2017 naming him as GCCR's "attorney in fact" for the purpose of causing a sheriff's sale of GCCR's assets, which included GCCR's equity interests in its subsidiaries. One of those subsidiaries was GCC-RA Orangevale. Kassover sent papers to the relevant sheriff that purport to transfer the equity interests of GCC-RA Orangevale to the sheriff so that they may be sold at auction. The legal validity of those documents is disputed between the parties. The sheriff has not, however, conducted an auction or sold the shares.

Notwithstanding the alleged transfer of the equity interests in GCC-RA Orangevale to the sheriff, in 2022 GCC-RA Orangevale conveyed its interest in a building lease to the debtor, AP Orangevale, LLC. Kassover contends that he is entitled to any rents or profits that derive from that building lease by virtue of the New York court orders. Kassover filed a proof of claim against the debtor in an amount it said was "unknown." The debtor objected to the proof of claim. On

November 1, 2023, this Court conducted an evidentiary hearing on the claims allowance dispute.

At that hearing, Kassover testified and introduced evidence (the applicable orders from the New York state courts, the documents transmitted to the sheriff, etc.) that he contends demonstrate that the sheriff held the equity interests in GCC-RA Orangevale at the time that the entity allegedly assigned the lease to the debtor. The debtor responded by arguing that the transfer of the equity of GCC-RA Orangevale to the sheriff was legally ineffective.

This Court will decline the invitation to resolve the parties' dispute over who owned the equity of GCC-RA Orangevale in 2022. The November 1, 2023 hearing was about whether to allow Kassover's claim against the debtor's bankruptcy estate. The point of a claims allowance hearing is to decide the amount (if any) of the creditor's allowed claim against the debtor, which is the basis for determining the creditor's entitlement to recover out of the debtor's bankruptcy estate.

Section 501(a) of the Bankruptcy Code authorizes a creditor to file a proof of claim, which Kassover did. Under § 502(a), such claim is allowed unless objected to. Here, the debtor filed an objection. Section 502(b) directs that the court, when an objection is filed, "shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount."[1] The term "claim," in turn is defined as a "right to payment."[2]

---

[1] 11 U.S.C. § 502(b).

[2] 11 U.S.C. § 101(5)(A).

2

The Third Circuit's decision in *Allegheny* sets forth a burden-shifting mechanism to determine who has the burden of proof in a claims allowance dispute.[3] Here, the parties do not dispute that under this analysis, Kassover bears the burden of proof of establishing the validity of its claim. That required Kassover, at the hearing, to establish its "right to payment" against the debtor under applicable non-bankruptcy law, such that this Court could determine "the amount of such claim."

As an initial matter, it is not clear to the Court that even if Kassover is correct in arguing that the equity of GCC-RA Orangevale was in the hands of the sheriff at the time that GCC-RA Orangevale conveyed the lease to the debtor, that it necessarily follows that the conveyance would be invalid. Kassover presented no evidence with respect to the governance of GCC-RA Orangevale, perhaps believing it implicit and self-evident that if the sheriff held the equity, the sheriff's approval would be required to convey the entity's assets. Perhaps that is true, but Kassover provided no evidence, and pointed to no provision of applicable law, to support that conclusion.

It is unnecessary, however, to address that question. Instead, the reason the Court will disallow the claim is even more fundamental. At the hearing on claims allowance, Kassover presented no evidence at all demonstrating the amount he would have been owed by the debtor if he were right in his contention that he was entitled to any rents or profits that derive from the lease. That amounts to a failure of proof

---

[3] *In re Allegheny Int'l*, 954 F.2d 167, 173-174 (3d Cir. 1992).

on a matter on which Kassover bore the burden, and thus requires that the claim be disallowed.

When asked why he did not put on any such evidence, counsel stated that he lacked any information about what those rents or profits might be. A claims allowance dispute in bankruptcy, however, is a contested matter, governed by Bankruptcy Rule 9014. Rule 9014(c) specifies that certain of the rules applicable to adversary proceedings, including the Rules 7028-7037 (which incorporate Civil Rules 28-37) shall apply in contested matters. These rules grant parties access to the same discovery tools that are otherwise available to parties in civil litigation.

While the Bankruptcy Code establishes a mechanism for estimating a claim when there is a reason why it cannot be determined in an ordinary claims allowance hearing,[4] no party sought to invoke that provision. As a result, to the extent that a party bearing the burden of proof on an issue lacked the information necessary to establish its case, it was required to invoke the available tools of discovery to obtain the evidence it needed to do so.

Kassover's counsel stated that he did not seek to take discovery to obtain the information he needed to establish his case. And as a result, he was unable to present any evidence at the hearing showing any "right to payment" in any particular amount. Accordingly, even if Kassover's position on the ownership question is correct (which is a question that this Court need not and does not address), he still would

---

[4] 11 U.S.C § 502(c).

have failed to meet his burden of proving that he holds a valid "claim" that could be allowed in bankruptcy.

Accordingly, IT IS HEREBY ORDERED that GCCR, LLC's proof of claim (as amended) is DISALLOWED. The Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation, interpretation, and enforcement of this order.

Dated: November 2, 2023

CRAIG T. GOLDBLATT
UNITED STATES BANKRUPTCY JUDGE